PAGE # 1-36

1  Mr. Jimmie Stephen, #C56483
2  A-1149
   P.O. Box 8101
3  San Luis Obispo, California
4

2254    1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe

FILED
APR 2 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5

6       Court of United States District
7       State of California

8   # 1

9                              CASE # CU-07-0639
10
11
12                          '08 CV 0750 BEN BLM
13  Jimmie Stephen              "Judicial Notice"
        Plaintiff
14
15      v               Imminent Danger Exception
                           "Serious Injury".
16
17  Warden "Hernandez"            28 USC 1915
18  Et Al Defendants      A. "Dentures" "Partials". Denied.
    under "Dr Hoxie"..   B. "Retaliation" for "Exercising "1st"
19                          "Amendment Access to Court"..
20       Plaintiff Jimmie Stephen Hereby Request under
21  28. USC. 1915 for "Imminent Danger Exception" by Stated
22  Defendants in "Official and Individual Capacity" in this matter
23  before this Court based "upon failure" to Provide "Adequate"
24  "Medical Care" "ongoing" for "Serious Conditions" since 2005..
25       "Andrews v Cervantes" 493.f31). 1047 (9th 2007).
26  As "Ongoing" Serious Injury Requirement Exceptions "Have"
27  been met as to "Andrews". Against Defendants under "Hoxie"..
28       Whereas "Failing to Treat" and Provide "Partials"
                          #
                    Exhibits 1-3
                    Page # 3-35.

for over "3 years" by "failing to provide" "partials" causing severe "gum soreness" swelling" weight loss" pain and "suffering" all shows "Deliberate Indifference" Reckless Disregard" willfully by Defendants..    Exhibit #1 Page #3-21

"Partials" needed"
"Transfer to CMC"
of 3-27-07
under" Dr Hoxie"..

the "Transfer" from CJ Donovan to CMC- of 3-27-07 shows an "ongoing pattern of misconduct" for "failing to Treat" and "Reckless" and "deliberate"..

Exhibit #2        "Farron v West" 32 of 3D, 1235-6 (11th 2003)..
Page 4-26     "Partials willfully needed, denied as of 4-17-08.. ongoing..
"Ongoing" misconduct" as of this motion" 4-17-08..

Exhibit #1-3..

"Pattern of misconduct"

Exhibit #3
Page #27-35.     Plaintiff has been subjected to a "Pattern of misconduct" since 1995 "ongoing" for "exercising 1st Amendment Rights of access to courts" for Relief on "meritious complaints" ect as well as "Retaliation" Transfer, false charges, ect..
"Pratt v Rowland" 769.f.supp. 1128 (NA CAL 1991)..

"Relief Requested"

1.."Granting" Imminent danger exception" forthwith on ALL ISSUES ect..
2..Any other Relief by this court
Date 4-18-08     TRUE against fraud or perjury
signature    [signature]

2

EXHIBIT #1

COPY of Documents Relating to "Denial of"
"Partials" DATED 2-8-08 ongoing..
           as well as "Prison Law Office" Dental Concern
Request and COPY of appeal at Donovan DATED 2-
26-07..ongoing at CMC. as of 4-17-08 - -
           Total 18 Pages..

EXHibits #1-3
        Page #3-35..

3

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 8, 2008

To      :    Charles Antonen
             Deputy Attorney General
             State of California Department of Justice

Subject:    **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PEREZ V. TILTON* INMATE
            CONCERNS RELATING TO INMATE JIMMIE STEPHEN, C-56483**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Perez v. Tilton, et al.*, the Chief
Dental Officer at the California Men's Colony (CMC) has provided the following information
in response to the questions asked by Alison Hardy of the Prison Law Office.

1.  When did Mr. Stephen last see a dentist regarding the possible need for partials or repair
    of his teeth? What were the results of this appointment?
    *Mr. Stephen was examined on January 4, 2008, for a triage appointment in response to
    a CDCR 7362 request for service that he submitted. This face-to-face examination did
    not reveal any urgent or emergent issues. Mr. Stephen did not state that his partial is
    worn or defective. Upon examination of his partial on January 4, 2008, replacement is
    not indicated. His DPC classification is DPC-3, and not DPC-2, as mistakenly noted in
    his UHR. As a consequence, Mr. Stephen will be seen in July 2008, his birth month, for
    his annual examination. His dental needs will be determined and a treatment plan will
    be developed at that time, if necessary.*

2.  Please describe Mr. Stephen's current treatment plan.
    *Mr. Stephen is currently classified DPC-3. His annual examination will be in July 2008,
    and his dental needs and treatment plan, if needed, will be determined at that time.*

Thank you for your assistance in this matter. Please contact Bob Keller at (916) 327-8941, if
you have any questions.

RICHARD ROBINSON
Dental Program Project Director
Division of Correctional Health Care Services

cc:  Michael Stone, Staff Counsel, Office of Legal Affairs, CDCR
     Linda Martinez, D.D.S., Regional Dental Director
     Jeri Shepherd, D.D.S., Chief Dental Officer, CMC
     Health Care Appeals Coordinator, CMC

4

## Shepherd, Jeri

| | |
|---|---|
| **From:** | Shepherd, Jeri |
| **Sent:** | Monday, January 28, 2008 9:31 AM |
| **To:** | Keller, Robert |
| **Subject:** | RE: New Para. 17 Ltr - J. Stephen, C-56483 (CMC) |

Good morning,

1. When didd Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? Mr. Stephen was seen January 4, 2008 for a triage appointment in response to a 7362 submited by Mr. Stephen. What were the results of this appointment? Mr. Stephen has been on the DPC 2 list for exam and treatment plan. His birthday month is July. His situation has not become urgent or emergent, therefore he continues to remain on the DPC2 list in chronological order.

2. Please describe Mr. Stephen's current treatment plan. At this time he's is on the DPC2 list for exam and treatment plan. We see patients in chronological order of when they submit their 7362. At this time we are only able to accommodate Emergent, 7362 triage appointments, Urgent (DPC1), and annual exams.

Please note: Our dentist to inmate-patient ratio for East Dental Clinic is currently 1:939. We have made room and changed our scheduling to accommodate more dentists so that ratio could be improved. We have been given two more positions but that still will not give us the 1:515 ratio the court has allowed for. We need an additional 3 dentists for both the East and West Clinics.

-----Original Message-----
**From:** Keller, Robert
**Sent:** Monday, January 28, 2008 7:23 AM
**To:** Shepherd, Jeri
**Cc:** Robinson, Richard; Martinez, Linda
**Subject:** New Para. 17 Ltr - J. Stephen, C-56483 (CMC)

Hello Dr. Shepherd: Please find attached a new Para. 17 issue received from the PLO in re Inmate Stephen.
Please provide your reply no later than COB February 4, 2008.
Thank you,

## *Bob Keller*

*AHPA*
*Inmate Dental Services*
*(916) 445-8951*
*Fax (916) 327-2476*

*CONFIDENTIAL -- ATTORNEY-CLIENT PRIVILEGED*
*DO NOT FORWARD OR DUPLICATE EXCEPT TO AUGHORIZED STAFF*

5



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

2/21/2008

Jimmie Stephen, C-56483
CMC
PO Box 8103
San Luis Obispo, CA 93409

Dear Mr. Stephen,

As you know, we wrote to the Attorney General on 1/25/2008 under procedures set forth in the *Perez* Stipulation to request further information about your dental treatment. The CDCR response to our advocacy letter is enclosed.

Please let us know if the information provided by headquarters is incorrect. Please provide specific information and any documentation you may have showing that their report is not accurate.

We hope that your dental condition has improved by this time. If you continue to have dental concerns, please send us an update on your present condition and we will determine whether we can continue to advocate on your behalf.

We wish you the best.

Sincerely,

Sam Weiner
Litigation Assistant under Alison Hardy

Enclosures: CDCR Response

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

6



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy ✔
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

## MEMORANDUM

To:        Charles Antonen, Deputy Attorney General
From:     Alison Hardy/SW
Date:     1/25/2008
Re:        *Perez* 3 – Individual Inmate Exhausted Dental Concern – Request for Review

---

Jimmie Stephen, C-56483                CMC

Mr. Stephen has exhausted his administrative remedies on the issue of receiving repair of his teeth (IAB # 0708017, Log # CMC-07-01748).

According to the Second Level's Decision, Mr. Stephen was classified as Priority 2 on 5/8/07. The response goes on to state that Mr. Stephen was triaged for a "new and separate dental issue" on 6/13/07, which was resolved on 6/19/07. The response, which was written on 8/29/07, states that Mr. Stephen "would continue to receive treatment as a DPC 2 patient."

Mr. Stephen writes that he still has not received partials or treatment to repair his teeth.

Please respond to the following:

1. When did Mr. Stephen last see a dentist regarding the possible need for partials or repair of his teeth? What were the results of this appointment?

2. Please describe Mr. Stephen's current treatment plan.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 0 4 2007

In re:   Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0708017          Local Log No.: CMC-07-01748

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position he was informed his teeth would be repaired in a timely manner, as he was classified as a Dental Priority Code (DPC) 2; however, alleges this has yet to occur based upon overcrowding and a lack of dental staff. The appellant is requesting for his teeth to be repaired in a timely and professional manner; and, damages.

II   SECOND LEVEL'S DECISION: It is the institution's position the appellant was interviewed by a panel of three dentists who determined he was triaged on May 8, 2007. At that time, the appellant was classified as a DPC 2. On June 13, 2007, the appellant was triaged for a new and separate dental issue, which was resolved via treatment on June 19, 2007. According to the appellant's Unit Health Record, he was categorized as a DPC 2, and received dental treatment in a timely manner. The appellant was also advised he would continue to receive treatment as a DPC 2 patient.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS:  The appellant contends he has not received dental intervention is a timely manner after being categorized as a DPC 2, Interceptive Care, treatment within 120 days of diagnosis and DPC classification. These allegations are refuted, as the appellant has received timely and professional dental intervention as mandated by the Perez vs. Tilton Stipulated Agreement. The appellant was triaged on May 8, 2007, and was categorized as a DPC 2; however, on June 13, 2007, the appellant was triaged for a separate dental issue which was resolved via treatment on June 19, 2007. The appellant is advised the awarding of monetary compensation is beyond the appeals process, and will not be addressed at the Director's Level of Review (DLR). The California Code of Regulations, Title 15, Section (CCR) 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history. After review, there is no compelling evidence that warrants intervention at the DLR, as the appellant is receiving dental intervention within the timelines mandated by the Perez vs. Tilton Stipulated Agreement.

B.  BASIS FOR THE DECISION:
CCR: 3350, 3354, 3355.1

C.  ORDER:  No changes or modifications are required by the Institution.

If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the Board of Control), Governments Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

8

JIMMIE STEPHEN, C56483
CASE NO. 0708017
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Health Care Manager, CMC
       Appeals Coordinator, CMC
       Medical Appeals Analyst, CMC

State of California                                    Department of Corrections and Rehabilitation
California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| APPEAL RESPONSE LEVEL | : | SECOND LEVEL |
| Date | : | Wednesday, August 29, 2007 |
| To | : | STEPHEN, Jimmie |
| CDC# | : | C56483 |
| APPEAL LOG # | : | CMC-E-07-01748 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:
You were interviewed by a panel of three dentists on 08/23/07, regarding this appeal.


PROBLEM / DESCRIPTION:
STEPHEN, Jimmie C56483: In your written appeal signed 07/23/07, you state you would like your teeth fixed in a timely manner and partials made.


RESPONSE:
Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of three dentists, regarding this appeal. The panel found that you were seen by triage on 05/08/07 and categorized as a priority #2 patient. At your triage appointment on 05/08/07, you had requested partials and your teeth to be repaired. On 06/13/07, you were triaged for a new and separate dental issue which was resolved via treatment on 06/19/07. According to your UHR you have been properly categorized as a priority #2 patient and you have been receiving treatment in a timely manner, you will continue to be provided dental care as a priority #2 patient.



APPEAL DECISION: PARTIALLY GRANTED



_R. Meyers, MD_ (signature)                    8/2629/07
R. Meyers, MD                                  Date
Health Care Manager

18

State of California

Department of Corrections and Rehabilitation

California Men's Colony

# MEMORANDUM

| | | |
|---|---|---|
| APPEAL RESPONSE LEVEL | : | SECOND LEVEL |
| Date | : | December 14, 2007 |
| To | : | STEPHENS, JIMMIE |
| CDC# | | C56483 |
| APPEAL LOG # | : | CMC-E-07-02884 |
| ISSUE APPEALED | : | DENTAL |

INTERVIEW:

You were interviewed on December 13, 2007, by a panel of three dentists, regarding this appeal.

PROBLEM / DESCRIPTION:

Stephens, Jimmie C-56483: In your written appeal signed November 28, 2007, you state that you were willfully denied, deprived "right to eat" on right side of mouth based upon refusal to allow "partials" etc. "braces, implants". You are unable to chew food properly based upon lack of teeth. You are requesting partials, braces, crowns, composite fillings, cleaning, preventative care, medications, and upper and lower partials.

RESPONSE:

Your Unit Health Record (UHR) was reviewed and you were interviewed by a panel of dentists regarding this appeal. On May 8, 2007 you were triaged for an examination and given a Dental Priority Classification 2 (DPC2). On June 13, 2007 you were triaged as needing a stainless steel crown on tooth #18. On June 19, 2007 you received a stainless steel crown on tooth #18. On August 23, 2007 you were interviewed in regards to an appeal, and then you were seen on December 4, 2007 for the same reason, in which you complained that you had not been seen yet. You also refused your triage evaluation. While reviewing your appeal the dentists used the applicable Policy & Procedures along with your UHR to consider your complaint. It has been determined that you were correctly screened by the dentist and that you were given a higher priority classification than was required while demonstrating care and concern for your welfare. Inmates are treated according to their Dental Priority Classification and in chronological order.

You have been scheduled for an examination to determine your overall dental needs. You are on the appropriate priority list and will be seen in chronological order according to your Dental Priority Classification. If your dental issue changes, (i.e. severe pain, infection) you should contact the Dental Clinic by filling out a CDC 7362 Health Care Services Request Form via the triage nurse in your yard.

APPEAL DECISION:  PARTIALLY GRANTED

_____

R. Meyers, MD
Health Care Manager

12/17/07
_____

Date

16

## REFUSAL OF EXAMINATION AND / OR TREATMENT

| PATIENT NAME (TYPE OR PRINT CLEARLY) | CDC NUMBER | INSTITUTION |
|---|---|---|
| Stephen | C 56483 | CMC-E |

Having been fully informed of the risks and possible consequences involved in refusal of the examination and/or treatment in the manner and time prescribed for me, I nevertheless refuse to accept such examination and/or treatment. I agree to hold the Department of Corrections, the staff of the medical department and the institution free of any responsibility for injury or complications that may result from my refusal of this examination and/or treatment, specifically:

Describe the examination and/or treatment refused as well as the risks and benefit of the intervention: _____

Pt. refuses 1130 Dental triage Ducat. Pt knows he is on Dr. Hoxies list for partials and knows he needs to wait his turn.

| PATIENT SIGNATURE | DATE 12/4/07 | ☐ PATIENT REFUSES TO SIGN | DATE |
|---|---|---|---|

**WITNESS**

| NAME OF WITNESS (PRINT/TYPE) | NAME OF WITNESS (PRINT/TYPE) |
|---|---|
| Hoxie, B. DDS | g. MacDonald |
| WITNESS SIGNATURE    California Men's Colony | WITNESS SIGNATURE  S. macdonald   DATE 12/4/07 |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Stephen
C 56483

**REFUSAL OF EXAMINATION AND / OR TREATMENT**

CDC 7225 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

12

STATE OF CALIFORNIA
SUPPLEMENTAL TO DENTAL PROGRESS NOTES
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 6 | 13 | 07 | cont | E: discussed w/ PT new priority system NV: # 1855c. Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 6 | 19 | 07 | 18 0900 | S: No changes O/A: #18 diag for SS P: 3 carp 2% Lido 1:100,000 Prepped #18 + cement SS w/ kelac cement NV: Exam (DPII-504) Hoxie, B. DDS California Men's Colony | 2 | CMCE |
| 8 | 22 | 07 | | 602 appeal  Carvalho, D., DDS  California Men's Colony   Murphy, M., DDS  California Men's Colony  J. Bond DN | 2 | CMC |
| 12 | 4 | 07 | Triage 1300 | S: no change. PT complaining because he has not been ducated. O/A/P: PT is on DP2 list and is informed E: EECA. NV: Exam Hoxie, B. DDS California Men's Colony | 2 | CMCE |

DRUG ALLERGIES?

☒ NO    ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen
C56483

13

STATE OF CALIFORNIA
**SUPPLEMENTAL TO DENTAL PROGRESS NOTES**
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Page 1 of 2*

**Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.**

| DATE OF ACTION (month/day/year) | | | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|---|---|
| 5 | 8 | 07 | Triage 1430 | S: PT requesting Exam for Tx + partials. O: PT missing mult teeth. RMH: HBP, Poor OHC. Pano. A/P: Ducat for Exam and Tx. E: Recommend TP for sens teeth to reduce root hypersensativity. NV: Exam. Hoxie, B. DDS California Men's Colony | 2 | C.MC |
| 6 | 13 | 07 | Triage 0915 | S: LL broken molar. Sens when eating but not lingering. O: #18 has broken DB (MSD). No caries detected. Cold test +. PA shows no obvious apical pathology. A: #18 is vital and needs SSC. P: NV: #18 SSC. | | |

## DRUG ALLERGIES?

☒ NO   ☐ YES

**SUPPLEMENT TO DENTAL PROGRESS NOTES**

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen
C 56483

14

STATE OF CALIFORNIA
SUPPLEMENTAL TO DENTAL PROGRESS NOTES
CDCR 237-C-1 (Rev. 04/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

Prior to each treatment, the Dentist *must* review the inmate-patient's health history, note changes or specify no change, and use S.O.A.P.E. format when applicable.

| DATE OF ACTION (month/day/year) | TOOTH NUMBER | PROGRESS NOTES (include signature at the end of each data entry) | PRIORITY AFTER VISIT | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 1  4  08 | Cont. | P: PT is on DPC-2 list and will be Tx as we are able to accommodate DPC-2 patients. PT stated "You woke me up for a 602.30 dreat to tell me that, I'm going to get the Prison Law Office down here." | | |
| | | E: I have communicated as clearly as I can with patient. If he cont. to submit 7362 for same request, I will resort to administrative responses. | | |
| | | NV- Exam [signature] | | |
| | | Hoxie, B. DDS California Men's Colony | 2 | CMCE |

## DRUG ALLERGIES?

☒ NO   ☐ YES

NAME (LAST, FIRST, MI), CDCR NUMBER, AND DATE OF BIRTH

Stephen

C56483

SUPPLEMENT TO DENTAL PROGRESS NOTES

*15*

8229138

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☐    DENTAL ☑    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Jimmie Stephen | C56483 | A-1149 |

| PATIENT SIGNATURE | DATE |
|---|---|
| Jimmie Stephen | 12-30-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) (1) Dental front tooth (ache), Discoloration, Loose, out of place, impedes proper eating etc., (2) Partials over 120 days since request (3) Any Relief.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: 12/30/07 | Received by: R. Reupold RN    Dental |
|---|---|
| Date / Time Reviewed by RN: R. Reupold RN | Reviewed by: R. Reupold RN |

S:                        Pain Scale:    1    2    3    4    5    6    7    8    9    10

O:    T:        P:        R:        BP:            WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**        12-31-07A09:51   RCVD

Triage (2) BH

E:                                    NU: Exam for partials

01-04-08 07:27 OUT

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| INT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|
| | | |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

8471

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☐   MENTAL HEALTH ☐   DENTAL ☑   MEDICATION REFILL ☐

NAME _Jimmie Stephen_   CDC NUMBER _C56183_   HOUSING _A-1149_

PATIENT SIGNATURE _(signature)_   DATE _11-23-07_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) _I try to get "Partials" since 5-1-05 and those Dentists under federal Jurisdiction are acts the same, before federal mediation just a tactic for self-gain a profit, 18 USC 1961-68 Welfare_

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

Date / Time Received: _11/25/07_   Received by: _(signature)_

Date / Time Reviewed by RN: _(signature)_   Reviewed by: _(signature)_

S:    Pain Scale:   1  2  3  4  5  6  7  8  9  10

11-26-07 P12:12 RCVD

②

O:    T:    P:    R:    BP:    WEIGHT:

A:    _Triage_   BH

P:

☐ **See Nursing Encounter Form**

E:    _Triage DP 2 BH_
_NV'_ _exam for P/p_
12-04-07 P01:00 OUT

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|
| | | 17 |

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

# HEALTH CARE SERVICES REQUEST FORM

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☑ | MENTAL HEALTH ☐ | DENTAL ☒ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

NAME: _Jimmie Stefen_  CDC NUMBER: _C56485_  HOUSING: _A-1149_

PATIENT SIGNATURE: _Jimmie Stefen_  DATE: _6-8-07_

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

_Request for Emergency Dental already priority II - forgot dentist name ??_

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

## PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: _6/9/07 1000_ | Received by: _Taylor SRN II_ |
|---|---|
| Date / Time Reviewed by RN: _6/9/07 1000_ | Reviewed by: _Taylor SRN II_ |

S:  Pain Scale: 1  2  3  4  5  6  7  8  9  10

_06-11-07 A07:42 Rcvd kc_

_BH ①_

O:  T:  P:  R:  BP:  WEIGHT:

_Triaged 12 BH_

_06-15-07 00:25 out_

A:  _NU #18 SSC_

P:

☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|

REFERRED TO PCP:  DATE OF APPOINTMENT:

COMPLETED BY:  NAME OF INSTITUTION:

| PRINT / STAMP NAME: Hoxie, B. DDS California Men's Colony | SIGNATURE / TITLE: | DATE/TIME COMPLETED: |
|---|---|---|

_Hoxie_

18

## HEALTH CARE SERVICES REQUEST FORM

### PART I: TO BE COMPLETED BY THE PATIENT

A fee of $5.00 may be charged to your trust account for each health care visit.

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

REQUEST FOR:    MEDICAL ☐    MENTAL HEALTH ☐    DENTAL ☒    MEDICATION REFILL ☐

| NAME JIMMIE Stephen | CDC NUMBER C56483 | HOUSING A-1119-X |
|---|---|---|
| PATIENT SIGNATURE *(signature)* | | DATE 4-2-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) (1) Request for Ongoing "Partials" (I Needed) "Tooth Repairs" Ect.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:            Pain Scale:   1   2   3   4   5   6   7   8   9   10

04-03-07A08:05 RCVD

Myers, C., DDS
California Men's Colony

O:   T:    P:    R:    BP:      WEIGHT:

*See progress notes 5/8/07*

A:
P:    Hoxie, B, DDS
California Men's Colony

☐ See Nursing Encounter Form

05-08-07 P03:05 OUT

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|
| | | |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

HOXIE

19

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

PC. 832.5

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME JIMMIE STEPHEN | NUMBER C56483 | ASSIGNMENT AD-SEG | UNIT/ROOM NUMBER 6-227-L |
|---|---|---|---|

A. Describe Problem: THERE IS AN ongoing PRACTICE, custom, Policy, to DENY, DEPRIVE of EFFECTIVE DENTAL TREATMENT HERE At PJ Donovan AS on 11-30-06 DR LEE IA Knowing INFERIOR DENTIST WHOM IN PAST RECOMMENDED "EXTRACTION" of front "teeth" the SAME AS DID IN PAST IN 2000 on Bottom front 4 TEETH. WHEN LOOSE SAME AS my #7 tooth And my #9 WAS INJURED IN 1970 who uses this to cover-up facts for "DENTAL TREATMENTS" ECT... WHEN

If you need more space, attach one additional sheet CAUTY AT GUMLINE NOW "TEETH ARE STRON

B. Action Requested: (1) "INVESTIGATION" INTO "RECKLESS DISREGARD" And "DELIBERATE INDIFFERENCE of "DENTIST LEE" AS WELL AS HIRING PRACTICES of these INFERIOR PERSONNEL. (2) "ROOT CANAL" CAVITY CHECK, below GUMLINE. 22

Inmate/Parolee Signature: Jimmie Stephen                Date Submitted: 11-30-06

C. INFORMAL LEVEL (Date Received: **12-15-06** )      Partially Granted

Staff Response: Dr. Antoquie Chief Dental Officer interviewed Inmate Stephen C-56483 on 02/09/07. Inmate Stephen must complete a full mouth exam before he can obtain Partial Dentures. All Non-restorable teeth must be removed prior to making a Partial Denture. Please See CDCR 7428 Full and Partial Denture Agreemen

Staff Signature: MBantello  RDA            Date Returned to Inmate: 02/26/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

20

Dental Services | Division of Correctional Health Care Services

| PRIORITY LEVEL | DESCRIPTION OF NEED | ELIGIBILITY** |
|---|---|---|
| **DENTAL TREATMENT PRIORITIES** | | |
| Emergency Care: Immediate Treatment | Inmates requiring treatment of an acute oral or maxillo-facial condition, which is likely to remain acute, worsen, or become life threatening without immediate intervention. | All inmates are eligible for Emergency Care regardless of length of incarceration or oral health self-care. |
| Priority 1A – 1C* Urgent Care: | | All inmates are eligible for Priority 1 Care regardless of length of incarceration or oral health self-care. |
| 1A: Treatment within 24 hours. | Inmates with a dental condition of sudden onset or in severe pain, which prevents them from carrying out essential activities of daily living. | |
| 1B: Treatment within 30 days. | Inmates requiring treatment for a sub-acute hard or soft tissue condition that is likely to become acute without early intervention. | |
| 1C: Treatment within 60 days. | Inmates requiring early treatment for any unusual hard or soft tissue pathology, (e.g., acute ulcerative necrotizing gingivitis, severe localized or generalized periodontitis). | |
| Priority 2* Interceptive Care: Treatment within 120 days. | Advanced caries or advanced periodontal pathology requiring the use of intermediate therapeutic or palliative agents or restorative materials, mechanical debridement, or surgical intervention. | Inmates must have over 6 months remaining to serve on their sentence within a CDCR institution and are eligible for Priority 2 Care regardless of oral health self-care. |
| | Edentulous or essentially edentulous, or with no posterior teeth in occlusion. | |
| | Moderate or Advanced Periodontitis requiring non-surgical deep scaling and Root Planning procedures, (see Chapter 2.4 *Periodontal Disease Program*). | |
| | Chronically symptomatic impacted tooth requiring removal or specialty referral; surgical procedures for the elimination of pathology; or restoration of essential physiologic relationships. | |
| Priority 3* Routine Rehabilitative Care: Treatment within one year. | An insufficient number of posterior teeth to masticate a regular diet (seven or fewer occluding natural or artificial teeth), requiring a maxillary and/or mandibular partial denture; one or more missing anterior teeth resulting in the loss of anterior dental arch integrity, requiring a transitional anterior partial denture. | Inmates must have over 12 months remaining to serve on their sentence within a CDCR institution and must meet oral health self-care requirements as specified in Chapter 2.13 *Facility Level Dental Health Orientation/ Self-Care*. |
| | Carious or fractured dentition requiring restoration with definitive restorative materials or transitional crowns. | |
| | Gingivitis or Mild Periodontitis requiring routine prophylaxis. | |
| | Definitive root canal treatment for non-vital, anterior teeth, which are restorable with available restorative materials. The inmate's overall dentition must fit the criteria in Chapter 2.9 *Endodontics*. | |
| | Non-vital, non-restorable erupted teeth requiring extraction. | |
| Priority 4: No Dental Care Needed | Inmates not appropriate for inclusion in Priority 1, 2, 3, or 5. | |
| Priority 5: Special Needs Care | Inmates with special needs (see Chapter 4.5, *Dental Authorization Review Committee* for methods of recommending treatment). | All inmates with special needs are eligible for Priority 5 Care regardless of length of incarceration or oral health self-care. |

* Treatment to be provided within the specified timeframe, from the time of completion of the dental triage.

** Eligibility determined by length of incarceration and level of oral self care.

21

August 2007

EXHIBIT #2

COPY of "Scott J Rowland" WHICH SHOWS A "Pattern of misconduct" for "EXERCISING 1St Amendment" Right to ACCESS to court. AS WILLful and MALicious "ONGOING" AS of "4-17-08"

## 1128    769 FEDERAL SUPPLEMENT

party defendants: Maccabees Insurance Company, Mueller, Guardian Insurance Company, Lancetter, Provident, and Kasalko.

2. Plaintiff's and third-party defendant's motion to dismiss defendant's conspiracy cause of action is GRANTED with leave to amend.

3. Plaintiff's motion to dismiss defendant's causes of action for breach of fiduciary duty and breach of statutory duty is GRANTED with prejudice.

4. Plaintiff's motion to dismiss defendant's constructive fraud cause of action is DENIED.

5. Plaintiff's motion to require defendant to provide a more definite statement is DENIED.



Elmer PRATT, Plaintiff,

v.

James ROWLAND, Director of Corrections, California Department of Corrections; Daniel B. Vasquez, Warden of San Quentin Prison; Robert Borg, Warden of Folsom Prison; Robert Patterson, Executive Officer of the State of California Board of Prison Terms; David Brown, Commissioner of the Board of Prison Terms; Rudolph Castro, Commissioner of the Board of Prison Terms; Edmund Tong, Commissioner of the Board of Prison Terms; Captain Spangler, Correctional Officer at San Quentin Prison; Terry Yearwood, Chief of Classification Services, California Department of Corrections, and Unknown Named Agents of the California Department of Corrections, Defendants.

No. C-89-2367 SAW.

United States District Court,
N.D. California.

June 28, 1991.

Inmate brought action against prison officials, alleging that they retaliated against him for his exercise of First Amendment rights by promulgating false charges against him, and by transferring him to another prison. On plaintiff's motion to file supplemental complaint, and defendant's motion to dismiss or transfer case, the District Court, Weigel, J., held that: (1) supplemental complaint met minimal test that supplemental pleadings bear some relation to subject of original action; (2) transfer of case to the Eastern District would not further interests of justice; (3) inmate stated claim for deprivation of due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge.

Plaintiff's motion denied in part and granted in part.

1. Federal Civil Procedure ⟐862
Allegations contained in supplemental pleadings need not arise out of the same transaction or occurrence as allegations contained in original complaint; they need bear only some relationship to the subject of the original action. Fed.Rules Civ.Proc. Rule 15(d), 28 U.S.C.A.

2. Federal Civil Procedure ⟐864
Supplemental complaint seeking to demonstrate that prison officials continued long history of purported retaliatory actions against inmate satisfied minimal test that allegations contained in supplemental pleadings bear some relationship to subject of original action; supplemental complaint alleged a continuing pattern of politically motivated mistreatment of plaintiff, as did original complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

3. Federal Civil Procedure ⟐864
Rule governing supplemental pleadings allows new parties to be added to complaint, and there is no requirement that new parties added in supplemental complaint be aware of existence of original

## PRATT v. ROWLAND    1129
Cite as 769 F.Supp. 1128 (N.D.Cal. 1991)

complaint. Fed.Rules Civ.Proc.Rule 15(d), 28 U.S.C.A.

4. Federal Courts ⟐95
Defendants who answered original complaint without objecting to venue waived their rights to raise venue objection at time of filing of first-amended complaint, notwithstanding contention that filing of amended complaint revived venue objection. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

5. Federal Courts ⟐95
Under civil procedure rule, defendants wishing to raise improper venue as a defense must do so in their first defensive move. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

6. Federal Civil Procedure ⟐862
Although an amended complaint supersedes original pleading, it does not automatically revive all defenses and objections that a defendant has previously waived.

7. Federal Courts ⟐95
Defendants named in original complaint did not have standing to raise venue objection on behalf of newly added defendants, who had not yet appeared in action.

8. Federal Courts ⟐95
Improper venue is a defense personal to party to whom it applies, and defendant may not challenge venue on ground that it is improper as to a codefendant.

9. Federal Courts ⟐101
Fairness considerations may be decisive in ruling on a motion to transfer case to another district, even when convenience of witnesses and parties points the other way. 28 U.S.C.A. § 1404(a).

10. Federal Courts ⟐106
Interests of justice did not require transfer of inmate's civil rights case to the Eastern District of California where inmate was incarcerated, considering that potential witnesses were divided between Northern and Eastern District, and a preliminary injunction had already been issued in action; moreover, court in Northern District was knowledgeable about facts of case, and any delay occasioned by transfer would cause

extreme hardship to plaintiff. 28 U.S.C.A. § 1404(a).

11. Civil Rights ⟐235(7)
Inmate's allegations that prison officials violated his rights under the First Amendment by continuously propagating false charges against him, transferring him from prison to prison, and placing him in segregation on the basis of false charges, in retaliation for First Amendment activities, stated a constitutional claim under § 1983. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 1.

12. Constitutional Law ⟐272(2)
Due process in a prison disciplinary hearing is satisfied if inmate receives written notice of charges, statement of evidence relied on by prison officials, and reasons for disciplinary action. U.S.C.A. Const.Amend. 14.

13. Civil Rights ⟐235(7)
Inmate stated claim for deprivation of procedural due process based on alleged inadequacies of disciplinary hearing he received on drug trafficking charge; inmate alleged that notice he received was deficient because it failed to state time, date, or place of alleged drug trafficking and possession violation; moreover, inmate alleged that identity of confidential informant was not made known to him and that information supplied by informant was unreliable and false. U.S.C.A. Const. Amend. 14.

14. Federal Civil Procedure ⟐1741
Motion to dismiss directed at a form of relief requested by plaintiff is improper.

Stuart Hanlon, Tamburello, Hanlon & Waggener, San Francisco, Cal., Valerie West, Oakland, Cal., for plaintiff.

Paul Gifford, Peter Siggins, Deputy Attys. Gen., State of Cal., San Francisco, Cal., for defendants.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

The motions before the Court in this matter concern plaintiff's request for leave

of the Court to file a supplemental complaint, pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff Elmer "Geronimo" Pratt, a former leader of the Black Panther Party, filed his original complaint on September 12, 1989. That complaint alleged various constitutional claims under 42 U.S.C. § 1983 against various prison officials on the basis of statements regarding plaintiff, such as statements that plaintiff is a "cop killer," "escapee," and "prison gang leader." Defendants allegedly propagated these charges because of Pratt's renowned Black Panther party affiliation and his efforts to expose the purported frame-up, which had led to his imprisonment for murder. The original complaint was also based on his transfer to Folsom Prison in September 1989, in alleged retaliation for his exercise of his First Amendment rights, as guaranteed by the Fourteenth Amendment.

On September 29, 1989, this Court issued a preliminary injunction, ordering that plaintiff be returned to San Quentin on the grounds that the transfer appeared to have been retaliatory and that plaintiff would present the same unique threat to his safety as had his confinement at Folsom. On October 2, 1989, shortly after plaintiff's return to San Quentin, defendants decided to transfer him to Tehachapi Prison. The Court denied plaintiff's motion to amend the preliminary injunction to enjoin this second transfer, finding that

allegations with a few minor modifications and add allegations continuing where the original complaint left off—that is, after his transfer to Tehachapi. Plaintiff has submitted a proposed First Amended Complaint for the Court's consideration. In it, he names eight defendants in addition to the three remaining from the original action.[1] The supplemental complaint alleges that Pratt's purported retaliatory mistreatment by defendants has continued and intensified since his transfer to Tehachapi.

The proposed complaint alleges numerous examples of this mistreatment. For example, Pratt declares that he has been subject to numerous, false disciplinary citations and contends that these false charges are designed to increase his prison population classification as a "maximum security" prisoner. On April 1, 1991, Pratt was accused of drug trafficking and drug possession on the word of a confidential informant and was subsequently placed in administrative segregation. Tehachapi prison officials later found plaintiff guilty of those charges in a prison disciplinary hearing. Pratt contends that the filing of the charges against him and the subsequent disciplinary proceedings are further examples of unlawful retaliation by prison officials for his exercise of his First Amendment rights. These new, allegedly false charges against Pratt have come at a time when Pratt was in the midst of preparing a new petition for habeas corpus in state court and when he is due his first parole hearing in two years. Pratt also alleges that the disciplinary proceedings violated his due process rights, as protected by the Fourteenth Amendment.[2]

The three defendants remaining in the original action, Vasquez, Borg, and Yearwood, oppose the filing of this supplemental complaint. In the event, however, that the Court grants plaintiff leave to amend, they move (1) to dismiss the action for

---

1. In addition to Vasquez, Borg, and Yearwood the supplemental complaint names James P. Gomez, James H. Gomez, B.J. Bunnel, Les Blanks, G. Crowell, K. Law, Lieutenant Crow, and Kim Walker.

2. Plaintiff also alleges that defendants violated his Sixth Amendment right to counsel, his Eighth Amendment right to receive treatment for his diagnosed Post-Traumatic Stress Disorder, and his Fourteenth Amendment right to equal protection of the laws.

improper venue; (2) to transfer the action to the Eastern District; and (3) to dismiss for failure to state a claim. Plaintiff requests that the Court set his motion for preliminary injunction and for defendants' response to that motion.

### I. Plaintiff's Motion to File a Supplemental Complaint

Pursuant to Federal Rule of Civil Procedure 15(d), plaintiff requests leave of the Court to file his supplemental complaint.[3] The request is well-taken. Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. As a tool of judicial economy and convenience, application of Rule 15(d) is appropriate. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988), cert. denied, ___ U.S. ___, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). In fact, supplemental pleadings are deemed so useful in facilitating efficient judicial administration that the Ninth Circuit has recommended that they be allowed "as a matter of course." Id. (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir.1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964)).

[1, 2] Defendants argue that the Court should disallow the supplemental complaint because it adds entirely new claims and parties relating to the events which took place at Tehachapi. This is of no importance. Allegations contained in supplemental pleadings need not arise out of the same transaction or occurrence as the allegations contained in the original complaint. Keith, 858 F.2d at 474. "They need bear only 'some relationship' to the subject of the original action." Id. This minimal test is met here. The proposed First Amended Complaint merely seeks to demonstrate that prison officials have continued their long history of purported retaliatory ac-

tions against Pratt. The proposed complaint alleges a continuing pattern and practice of politically-motivated mistreatment of plaintiff, including false charges in his file, transfers, and discipline—all calculated to punish plaintiff for exercising his First Amendment activities, and interfere with his parole opportunities, and interfere with his right of access to the courts.

[3] Moreover, Rule 15(d) also allows new parties to be added to the complaint. Id. at 474. Defendants contend that the new defendants would be prejudiced by their addition since they are unfamiliar with the original action. Their lack of familiarity with the action is immaterial. There is no requirement that new parties added in supplemental pleadings be aware of the existence of the original complaint. The result would be no different if plaintiff were to file an entirely new action naming these defendants. Yet the delay caused by requiring plaintiff to file a new action would severely prejudice him, considering his continued segregated confinement while he awaits a hearing on his motion for preliminary injunction. Hence the Court grants plaintiff leave to file the proposed First Amended Complaint.

### II. Defendants' Motion to Dismiss/Transfer for Improper Venue

In the event the Court permits the filing of the First Amended Complaint, defendants Vasquez, Borg, and Yearwood move to dismiss the amended complaint for improper venue. The Court need not decide whether venue is proper because these three defendants have waived their right to object to venue and lack standing to raise the issue on behalf of the newly added defendants, who have not yet appeared in this action.

[4] Federal Rule of Civil Procedure 12(b)(1) provides that a defense of improper

---

3. Rule 15(d) provides:
On motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Case 3:08-cv-00750-B    Document 37    Filed 04/23/2009    Page 24

24

**1132**

venue is waived if omitted from the first defensive motion or answer to the complaint. Defendants Vasquez, Borg, and Yearwood were all parties to the original complaint, and they answered that complaint without objecting to venue. Defendants have failed to show that their defense of improper venue was unavailable at that time.

To counter the argument that they have waived their rights to raise a venue objection, defendants present, without citation to authority, the novel argument that the filing of an amended complaint revives their venue defense.

[5] Their position is meritless. Under Rule 12(b)(l), defendants wishing to raise improper venue as a defense must do so in their first responsive pleading. *Glazer v. Eli Lilly & Co.,* 112 F.2d 735, 738 (1st Cir. 1980). "If they fail to do so, the only manner in which to salvage the defense is by an amendment made as a matter of course." *Id.* Defendants are not entitled to respond to the supplemental pleading as a matter of course, but only if "the court deems it advisable that the adverse party plead to the supplemental pleading." Fed. R.Civ.P. 15(d).

[6] Although an amended complaint supersedes the original pleading, it does not automatically revive all of the defenses and objections that a defendant has previously waived. *Gilmore v. Shearson/American Express Inc.,* 811 F.2d 108, 112 (2d Cir. 1987). Thus, defenses such as improper venue, if waived by the defendants' failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended his complaint. This result is eminently sensible. The supplemental complaint does not constitute a brand new action against defendants Vasquez, Borg, and Yearwood, but merely amends the original action.

[7, 8] Nor do these defendants have standing to raise a venue objection on be-

half of the newly added defendants, who have not yet appeared in this action. Improper venue as a defense personal to a party to whom it applies. Thus one defendant may not challenge venue on the ground that it is improper as to a codefendant. *Camp v. Gress,* 250 U.S. 308, 316, 39 S.Ct. 478, 481, 63 L.Ed. 997 (1919); *see* Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 4:241, at 4-48 (1991); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3829, at 305-10 (2d ed.1986).

### III. Defendants' Motion to Transfer.

Defendants also argue that even if venue is proper here, that the convenience of the parties and potential witnesses favors a transfer of the case to the Eastern District where plaintiff and all of the original and newly added defendants reside, except for defendant Vasquez. Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this provision is to promote the "individualized, case-by-case consideration of convenience and fairness" by the district court. *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

Defendants argue that because nearly all the parties reside in the Eastern District and much of plaintiff's complaint concerns events which took place at Tehachapi, which is located in the Eastern District, convenience mandates a transfer of this case to that District. Not so. First, it is unclear whether transfer to the Eastern District would in fact be more convenient for the parties and witnesses. Many defendants reside in distant Kern County. For them, the difference in travel time between this Court and the Eastern District is negligible. Moreover, the amended complaint contains allegations involving events which occurred at San Quentin, which allegedly deprived Pratt of his constitutional rights. Other than a brief statement identifying

**1133**

between this District and the Eastern District.

[9, 10] More importantly, however, the interest of justice tip decidedly in favor of retaining the action here. Fairness considerations may be decisive in ruling on a transfer motion, even when convenience of witnesses and parties points the other way. 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3851, at 439-40 (2d ed.1986). The Ninth Circuit has frequently held that a motion for transfer may properly be denied where, as here, a case has been pending for some time in the original court or where a transfer would lead to delay. *See, e.g., Allen v. Scribner,* 812 F.2d 426, 436-37 (9th Cir.), *as amended,* 828 F.2d 1445 (9th Cir.1987); *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979); *Telco Communications Corp.,* 589 F.2d 959, 968 (9th Cir.1978). The fact that a preliminary injunction has already issued in this case, but any delay would cause extreme hardship to plaintiff. A transfer to the Eastern District would not further the interests of justice.

### IV. Defendants' Motion to Dismiss.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss plaintiff's First Amendment and due process claims for failure to state a claim. They also move to dismiss on the ground that plaintiff fails to allege facts directly linking the named defendants to the acts complained of. This latter ground for dismissal of the claims against these three defendants is well-taken.

The supplemental complaint is filled with vague statements regarding the conduct of "defendants," but lacks specific allegations tying defendants Vasquez, Borg and Yearwood to the conduct which allegedly deprived Pratt of his constitutional rights.

Although these three defendants lack standing to raise this same objection as to the allegations against the eight defendants added to the supplemental complaint, the Court observes that this same defect is present as to nearly all of the named defendants. The Court, therefore, grants plaintiff leave to add allegations linking each and every defendant to the asserted claims.

Contrary to defendants' contention, plaintiff's First Amendment and due process claims are not insufficient as a matter of law. Although the complaint is not well drafted, for the purposes of a motion to dismiss, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989). Dismissal for failure to state a claim is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Love,* 915 F.2d at 1245.

Plaintiff alleges that through their continuous propagation of false charges against him, through his transfer from prison to prison, through his placement in segregation on the basis of false charges, and through numerous other abuses—all in retaliation for and designed to chill his First Amendment activities—defendants have violated his rights under both the First Amendment and the due process clause. Complaint, ¶ 1, at 26; ¶ 3, at 27-28. In

addition, plaintiff alleges that procedural flaws in the disciplinary hearing process, such as insufficient notice of the trafficking charge against him and defendants' refusal to disclose information regarding the confidential source, constituted a further due process violation. Id.

[10] Defendants insist that mere verbal abuse, false charges, placement in segregation and so on, so long as he received a hearing before he was disciplined.[5] This argument misses the point. Even though these acts by defendants might not be actionable in and of themselves, plaintiff's allegations regarding the filing of false charges and other inappropriate acts state a constitutional claim under 42 U.S.C. § 1983 when done in retaliation for the exercise of protected rights, regardless of whether the inmate was accorded the requisite procedural protections. Plaintiff's activities in pursuing his legal matters and in seeking access to the courts are clearly protected by the First Amendment. Rizzo, 778 F.2d at 531.

Although the label given to plaintiff's retaliation claims is of no particular importance, see 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 12.07[2–5], at 12-67 [2d ed.1991], courts have deemed such retaliation claims to arise under both the First Amendment and the due process substantive component of the Due Process Clause. See, e.g., Smith, 899 F.2d at 947-48 (substantive due process and First Amendment claims), Franco, 854 F.2d at 968 (First Amendment claim); Wright, 795 F.2d at 968 (First Amendment claim); Gobert, Moore's Federal Practice ¶ 12.07[2–5], at 12-67 [2d ed.1991]. The Court perceives no need for the defendants' gripe that the supplemental complaint fails to demonstrate the nexus between their alleged misconduct and the alleged violations. Moreover, provided the plaintiff with information that the notice provided Pratt was constitutionally sufficient. Yet the notice in Zimmerlee was held adequate only after the court reviewed the disciplinary hearing record. Moreover, the notice in Zimmerlee was provided the plaintiff with information, the identities of the participants, and the role played by plaintiff and the other participants. See Zimmerlee, 831 F.2d at 188. Accepting the allegations in the amended complaint as true, plaintiff did not receive notice that was sufficiently specific to permit him to mount a defense. The Court cannot find on this record that the notice plaintiff received was sufficient as a matter of law.

Plaintiff also contends that he was deprived of due process by defendants' reliance on a confidential informant in finding him guilty of the drug offense. While defendants are correct in noting that due process does not necessarily require disclosure of the identity of the confidential source, Toussaint, 801 F.2d at 1101, the record of the disciplinary hearing must contain some indicia that the information provided the source is reliable and reflect that safety considerations prevented the disclosure of the informant's name. Zimmerlee, 831 F.2d at 186. When the record itself does not establish the reliability of the source, the Court must review the confidential material in camera. Id. at 186–87. Plaintiff has alleged that the identity of the informant was not made known to him and that this information was unreliable and false. The Court has not yet had the opportunity to examine the record of the disciplinary proceedings. Therefore, at this early stage, this aspect of plaintiff's procedural due process claim cannot be held insufficient as a matter of law.

[14] Finally, defendants move to dismiss plaintiff's prayer for reclassification and transfer to a lower security facility. A motion to dismiss directed at the form of relief requested is improper. 2A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 12.07[2–5], at 12–67 [2d ed.1991]. In any event, if the Court were to find that plaintiff had been improperly classified and incarcerated in a maximum security facility out of retaliation for his exercise of his First Amendment rights, it would be within the Court's equitable powers to correct this situation. Cf. Thompson v. Cupps, 628 F.2d 389 [6th Cir.1980] (ordering restoration of good time credits); Streeter v. Hopper, 618 F.2d 1178 [5th Cir.1980] (ordering transfer of prisoners to guarantee their safety).

[12] In addition, plaintiff states a claim for deprivation of procedural due process due to the alleged inadequacies of the disciplinary hearing he received on his drug trafficking charge.[5] Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, a statement of the evidence relied on by the prison officials, and the reasons for disciplinary action. Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987) (citing Wolff v. McDonnell, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 2978-80, 41 L.Ed.2d 935 (1974)), cert. denied, 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988).

[13] Plaintiff alleges that the notice he received was deficient because it failed to indicate the time, date, or place of his alleged drug trafficking and possession violation. At this early stage of the proceedings, the Court cannot determine whether the notice he did receive—which is not specified in the complaint—was sufficient to give him "a chance to marshal the facts in his defense and to clarify what the charges are, in fact." Wolff v. McDonnell, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). The Second Amended Complaint should specify the precise contents of the notice plaintiff received.

Defendant relies on Zimmerlee to show that the notice provided Pratt was constitutionally sufficient. Yet the notice in Zimmerlee was held adequate only after the court reviewed the disciplinary hearing record.

David M. FIELD, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; John Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, and Doe Entities 1-10, Defendants.

Civ. No. 91-00220 DAE.

United States District Court, D. Hawaii.

July 23, 1991.

Insured brought suit against insurer to recover uninsured and underinsured motor-

Accordingly,

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for leave to file the First Amended Complaint is GRANTED.

(2) Defendants Vasquez's, Borg's, and Yearwood's motion to dismiss or transfer the case is DENIED.

(3) Defendants Vasquez's, Borg's, and Yearwood's motion to dismiss for failure to link them with the alleged deprivations is GRANTED with leave to amend.

(4) Defendants Vasquez's, Borg's, and Yearwood's and due process claims with prejudice, for failure to state a claim, is DENIED.

(5) Plaintiff shall file and serve a Second Amended Complaint on or before July 3, 1991. Defendants shall file and serve an answer or other responsive pleading to the Second Amended Complaint on or before July 10, 1991.

(6) Defendants shall show cause at 2:15 p.m. on August 1, 1991 why plaintiff's motion for Preliminary Injunction should not be granted. Defendants shall file and serve their opposition to the Motion for Preliminary Injunction on or before July 18, 1991. Plaintiff shall file and serve his reply on or before July 23, 1991.



5. The Court notes that the complaint contains allegations that defendants failed to follow certain California procedural regulations regarding his disciplinary hearing. While these regulations may relate to whether plaintiff has a protected liberty interest in not being subjected to discipline without due process of law, he has no federal constitutional right to the particular procedures established by the state. The nature of the process that is due plaintiff is determined by federal, not state law. See Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir.1986), cert. denied, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

4. See, e.g., Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir.1990); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir.1989); Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir.1988); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985). But see Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984).

26

# EXHIBIT # 3

COPY " of WRITE-UP of 6-6-07 AND
COPY of " DIPLOMA ne CAUSE of Action by 4-8-08
for WRITE-UP of 6-6-07.. ONGOING RETALIATION..

DENIAL of PIA to EARN COURT filing FEES
at CMC WHEN WORKED PIA at DONOVAN DATED
12-13-07 ONGOING.. AND "CONFISCATION of APPLIANCE
DATED 8-28-07

AND RELEASING " 60 DAYS of NOT GUILTY OR
REINS WRITE-UP of 8-9-05 IN RJD-3-05-01607..
RETALIATION "ONGOING".. .

27

STATE OF CALIFORNIA                                                   DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT          TABE: 8.7

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, JIMMIE | EPRD 09-07-2011 | CMC-E | 1149X | A-07-06-0464 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3041(a) Performance | REFUSING TO WORK | EDUCATION OFFICE | 6/6/2007 | 1450 |

CIRCUMSTANCES

     At approximately 1450 hours, on 6/6/2007, Inmate STEPHEN (CDC#: C-56483, Position#: ABE-E.310, assignment hours, 0745-1115 / 1245-1545), refused to work in his Academic Education assignment, ABE-II/III, located in Room A-158, in the Control Corridor. Inmate STEPHEN stated that he "wouldn't do any work" in his Adult Basic Education (ABE-II/III) assignment. I asked Inmate STEPHEN if he was refusing to work, and he stated that he was. This is his First CDC-115. Due to the inmate's refusal to comply with the IWTIP requirements, as set forth in the CCR Title 15, it is requested that he be unassigned from his academic/vocational education assignment. Inmate STEPHEN is aware of this report. Inmate STEPHEN has a documented TABE Reading score of 8.7.

Dates of previous 115's: NONE

Dates of previous 128-A's: NONE

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► M. CORNELIUS, ACADEMIC VICE PRINCIPAL | | 6/7/2007 | ACADEMIC VICE PRINCIPAL | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ► R. GREEN, PRINCIPAL | 6/7/2007 | DATE NA | | LOC. NA |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE<br>☐ SERIOUS | NA | 6-11-07 | TWOUKER | ☒ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ► K SC St | 6/10/07 | 1500 | N/A | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ► N/A | | N/A | ► N/A | | N/A |

HEARING

     The hearing was convened at     hours on 06-12-07. The hearing officer introduced himself to Inmate STEPHEN as Sergeant K. Silva. STEPHEN acknowledged receiving copies of the charges and all pertinent documents at least 24 hours prior to the hearing. STEPHEN was not assigned a staff assistant in accordance with CCR §3315(d)(2)(A)1,2,3; STEPHEN is not illiterate or Non-English speaking, the complexity of the issues are not such that assistance is necessary for STEPHEN to comprehend the nature of the charge or disciplinary process, and the nature of STEPHEN's need for assistance does not require a confidential relationship. Additionally, it is confirmed, STEPHEN has a T.A.B.E. score of 8.7, which precludes his assignment of a staff assistant. The purpose of the hearing was explained and the report was read aloud. STEPHEN stated he was in good health and ready to proceed with the hearing.

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| K. Silva, Program Sergeant | ► | 06-12-07 | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ► TWOUKER | 6-13-07 | ► D-Cy CDO | 6-15-07 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ► K SC S9 | 4/19/07 | 1830 |

CDC 115 (7/88)

28

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**
DEPARTMENT OF CORRECTIONS
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, JIMMIE | A-07-06-0464 | CMC-East | 06-12-07 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

<u>INMATE STATEMENT:</u> STEPHEN pled Not Guilty at the time of the hearing and stated, "I already have a high school diploma."

<u>FINDINGS:</u> The hearing officer has reviewed all pertinent documentation in this instant offense and has taken STEPHEN's plea into consideration. The hearing officer finds STEPHEN Guilty of violating CCR §3041(a) Performance, specifically, "Refusing To Work." This finding is based on a preponderance of evidence, which substantiates the charge. The evidence submitted at the hearing included, (3D, 910/9/A 2005).

 A.  The CDC-115 Rules Violation Report authored by M. Cornelius, wherein he documents Inmate STEPHEN refusal to work.

<u>DISPOSITION:</u> Recommend reassignment from position #ABE-E.310 and program review. STEPHEN was counseled at length regarding CCR §3041(a) Performance, specifically, "Refusing To Work." Warned and reprimanded. STEPHEN was advised of his need to conform to the California Code of Regulations (Title 15) while in the custody of the California Department of Corrections.

STEPHEN was advised of his right to appeal pursuant to CCR §3084.1.

| | SIGNATURE OF WRITER<br>K. Silva, Program Sergeant | DATE SIGNED<br>06-12-07 |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED<br>1850 |

CDC 115-C (5/95)

NAME and NUMBER   STEPHENS, JIMMIE      C-56483      1149X      CDC-128-C

On 4/7/2008 Inmate STEPHENS , JIMMIE was evaluated by education staff and found to have a
Verified High School Diploma. This inmate therefore is exempt from mandatory education.

Verified High School Diploma

J.Concepción, Education/Assessment OA

Orig  C-File
       Education File
       inmate

Date  4/7/2008                                              CMC-EAST

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    DEC 1 3 2007

In re:    Jimmie Stephen, C56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0702827          Local Log No.: CMC-07-01391

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that he has been inappropriately denied a job in the Prison Industry Authority (PIA). The appellant contends that he worked in the PIA at R.J. Donovan Correctional Facility and his transfer was non-adverse. The appellant has requested to be provided with the right to work in the PIA. The appellant contends that one arson does not make a person a threat, neither does his murder conviction.

II    SECOND LEVEL'S DECISION: On July 5, 2007, the appellant appeared before Institution Classification Committee for his Second Level of Review (SLR). The appellant was informed that upon reviewing the appellant's central file established that the appellant was ineligible for a PIA position due to a history of arson. Review of the appellant's Criminal Identification and Information (rap sheet) indicates that he was arrested by the LAPD on May 19, 1984 for California Penal Code Section 451 Arson of Inhabited Structure/Property for which the appellant was convicted and sentenced to a seven year CDCR term. Pursuant with California Men's Colony (CMC) PIA policy, inmates with a previous arson conviction, or whose case contains the elements of arson and/or possession or use of explosive material shall be excluded from the PIA. The appellant received a conviction for an arson offense. The appellant's appeal was denied at the SLR.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.    FINDINGS: The primary objectives of the correctional institutions are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. The institution has taken the appropriate action and informed the appellant that based upon his prior conviction for arson he will not be permitted to obtain a job in the PIA. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution. Therefore, no relief will be provided to the appellant at the Director's Level of Review.

B.    BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3001, 3005, 3040, 3270, 3271, 3375, 3375.2, 3376, 3377.2, 3380

30

JIMMIE STEPHEN, C56483
CASE NO. 0702827
PAGE 2


   C.  ORDER:  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMC
        Appeals Coordinator, CMC

32

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     AUG 2 8 2007

In re:     Stephen, C-56483
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0616489          Local Log No.: CMC 07-0750

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I     APPELLANT'S ARGUMENT:** It is the appellant's position that on March 30, 2007, he received a hot pot from an approved vendor but Receiving and Release staff failed to issue it due to the electrical appliance restriction. He contends that he was advised to mail the hot pot home as he cannot have three electrical appliances. The appellant requests that three appliances be allowed per inmate pursuant to procedures and to be reimbursed for the hot pot if sent home.

**II     SECOND LEVEL'S DECISION:** The reviewer found that the appellant's property card reveals that he possesses two electrical appliances, a radio and television (TV). The appellant was afforded the opportunity to turn in the radio or TV in order to keep the hot pot. Regardless of the item turned in the appellant will have to make the proper disposition of the remaining electrical appliance or staff will make it for him. The institution has followed departmental policy. The appellant's request for transfer to another institution so he can have three electrical appliances will not be addressed.

**III     DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.     FINDINGS:** The institution has reported to the appellant that his issue regarding his transfer request will not be addressed. The appellant has not provided evidence that staff have misinterpreted departmental policy and procedures in this matter. According to the March 29, 2007, Electrical Appliance Restriction memorandum issued by Warden Marshall, the DOM 54030.10.6 has been amended to increase the electrical appliance limitation to three; however, this increase does not apply to CMC due to the physical plant restraints. No relief at the Director's Level of Review is required.

**B.     BASIS FOR THE DECISION:**
CCR: 3190, 3191, 3192, 3193, 3287
DOM: 54030.1, 54030.3, 54030.10.6, 54030.10.6.1

**C.     ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CMC
Appeals Coordinator, CMC

| CDC NUMBER | NAME | | ETHNIC | BIRTH DATE |
|---|---|---|---|---|
| C56483 | STEPHEN, JIMMIE, EARL | | BLA | 07/18/1952 |

ACA STEPHENS, JIMMIE
ACA STEPHENS, JIMMIE, EARL

---

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE | |
|---|---|---|---|
| 04/22/1991 | 10/09/2001 | 10/09/2011 | |

---

|  | PAROLE PERIOD |
|---|---|
| BASE TERM 15/00 + ENHCMNTS 20/00 = TOT TERM 35/00 TO LIFE | LIFE |

---

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| A714077 | 674 | | | | 336 | | | 11 | 1021 |

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

**INMATE COPY**

DOC. HEARING:     /        DEFENSE ATTORNEY:  KESSEL, A.
INIT. HEARING: 09/2010     INVESTIGATING AGENCY:  PD/LA

---

| RECV DT/ | COUNTY/ | CASE | SENTENCE DATE | | CREDIT | OFFENSE |
|---|---|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | | | CODE | DATE |

---

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --

| 4/22/1991 | LA | A714077 | 4/10/1991 | | | |
|---|---|---|---|---|---|---|
| | | 03 P667.5(B) | PPT-NV | | 1 | |
| | | 03 P667(A) | 01 PFC SERIOUS | | 1 | |
| 01 P187 2ND | | MURDER 2ND | | | 32 | 06/06/1989 |
| | | (O)WPN | | | | |
| | | 12022.5 USE | | | 1 | |

---

| IWTIP WAIVER DATE | BEGINNING BALANCE | CREDIT APPLIED | TOTAL LOST | TOTAL RESTORED | NET TOTAL |
|---|---|---|---|---|---|
| 04/22/1991 | 0 | 2537 | 360 | 270 | 2447 |

CREDITS AUTO RE-VESTED PER PC-2934 :    5

---

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCL | 01/26/1993 | | 0193B49 | 3005(B) | F | 30 |
| WCL | 08/25/1993 | | 0893D066 | 3005(B) | F | 30 |
| WCL | 02/14/1995 | | 0295D041 | 3005(B) | F | 30 |
| WCL | 04/28/1995 | | 0495D080 | 3005(C) | B | 150 |
| WCG | 04/22/1991 | 12/31/1996 | | | | 916 |

****** CONTINUED ******

34

LEGAL STATUS SUMMARY

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN, JIMMIE, EARL |



| | | | | | | |
|---|---|---|---|---|---|---|
| WCL | 02/21/1997 | | A97020035 | 3012 | F | 30 |
| WCR | 06/19/1997 | | 0193B49 | | | 30 |
| WCR | 06/19/1997 | | 0893D066 | | | 30 |
| WCR | 06/19/1997 | | A97020035 | | | 30 |
| WCR | 03/24/1999 | | 0495D080 | | | 150 |
| WCG | 01/01/1997 | 12/31/1999 | | | | 981 |
| WCG | 01/01/2000 | 09/30/2001 | | | | 639 |
| WCG | 09/30/2001 | 09/30/2001 | ADJ | | | 1 |
| | | | F305410 | 3005(A) | E | 60 |
| WCL | 08/08/2005 | | F206567 | 3005(B) | F | 30 |
| WCL | 10/04/2006 | | F206567 | | | 30 |
| WCR | 04/24/2007 | | | | | |

## INMATE COPY

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|
| CON | 02/01/1983 | | ******BEG BAL****** | | | | | |
| ADD | 11/19/1982 | | A623116 | | | | | |
| ADD | 12/21/1984 | | A755003 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |

CURRENT PC BALANCE:    457        CURRENT BC BALANCE:    1370

60 day WCL NoT previously entered found during Audit

35

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

CU-07-06379

I am the party of the above entitled actions, a citizen of the United States and over the age of eighteen years, and a resident of San Luis Obispo County. My current address is:

California Men's Colony-East
P.O. Box 8101 Room A-114G
San Luis Obispo, CA. 93409-8101

I CERTIFY ( OR DECLARE), UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON 4-18 , 20 08 , AT SAN LUIS OBISPO, CALIFORNIA, 93409-8101.

PETITIONER

..................................................................................

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE ABOVE ENTITLED ACTION. MY BUSINESS ADDRESS IS:

CALIFORNIA MEN'S COLONY-EAST
P.O. BOX 8101 / Room_____
SAN LUIS OBISPO, CALIFORNIA 93409-8101

ON 4-18 , 20 08 , I SERVED THE WITHIN
Imminent Danger Exception" #1 & 2

ON THE PARTY: Attorney General office

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL, AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CALIFORNIA, 93409-8101, ADDRESSED AS FOLLOWS:
Attorney General

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON 4-18 , 20 08 , AT SAN LUIS OBISPO COUNTY, CALIFORNIA.
KHALID QADIR          KHALID QADIR
SIGNATURE OF DECLARANT

(REV. 6/07)

36

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Jimmie Stephen

2254   1983

DEFENDANTS

FILING FEE PAID
Yes    No ✓

Warden Hernandez

**FILED**
APR 2 3 2008

HFP    MOTION FILED
Yes

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Luis Obispo
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

COPIES SENT TO
Court    Prose

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jimmie Stephen
PO Box 8101
San Luis Obispo, CA 93409
C-56483

ATTORNEYS (IF KNOWN)

'08 CV 0750 BEN BLM

| **II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)** | **III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT** (For Diversity Cases Only) | | | |
|---|---|---|---|---|

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE                    Docket Number

DATE    4/23/2008    ~~SIGNATURE OF ATTORNEY OF RECORD~~

*Rowell*