# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>R. HERNANDEZ *et al.*,<br><br>　　　　　　　Defendants. | Civil No.　　08cv0750 BEN (BLM)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Jimmie Stephen, an inmate currently incarcerated at the California Men's Colony in San Luis Obispo, California, has filed what appears to be a civil rights Complaint. Dkt. No. 1 (Apr. 23, 2008). On May 9, 2008, this Court dismissed the Complaint without prejudice because Stephen failed to (1) prepay the $350.00 filing fee required by 28 U.S.C. § 1914(a); and (2) move to proceed *in forma pauperis*. Dkt. No. 2 (May 9, 2008). Following the dismissal, Stephen moved to proceed *in forma pauperis*. Dkt. No. 3 (May 22, 2008). For the reasons set forth below, the Court denies Stephen's motion and again dismisses the Complaint without prejudice.

## DISCUSSION

### I.　Legal Standard

Section 1915 of Title 28 of the United States Code allows indigent litigants to pursue civil litigation *in forma pauperis*. 28 U.S.C. § 1915(a)(2). The Prison Litigation Reform Act, however, amends section 1915 to include a "three strikes" rule. 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d

1113, 1116 n.1 (9th Cir. 2005) ("[Section 1915(g)] is commonly known as the 'three strikes' provision."). "Strikes" refer to prior cases or appeals that were (1) brought while the plaintiff was a prisoner; and (2) dismissed as frivolous or malicious or for failure to state a claim. 28 U.S.C. § 1915(g). Under this rule, prisoners who have three or more strikes may not proceed *in forma pauperis,* unless they make a plausible allegation that they faced imminent danger of serious physical injury at the time of filing. *Id.*; *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (noting section 1915(g)'s exception).

## II. Application of 28 U.S.C. § 1915(g)

Construed liberally, Stephen's Complaint alleges that Defendants – the warden of the Richard J. Donovan Correctional Facility and other unnamed correctional officers – failed to attend to his dental needs and transferred him to another facility in March 2007 as part of a "pattern of misconduct" designed to retaliate against him for exercising his First Amendment rights since 1995. Dkt. No. 1. (Apr. 23, 2008). These allegations of past conduct are insufficient to show "imminent danger of serious physical injury" required to overcome section 1915(g)'s bar. *Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."). Accordingly, section 1915(g) applies to this Complaint; Stephen may not proceed *in forma pauperis* if he has three strikes or more. 28 U.S.C. § 1915(g).

To determine the number of Stephen's strikes, the Court may take notice of proceedings in all courts, "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice of Stephen's previous filings in the Central and Southern Districts of California. These filings reveal that while incarcerated, Stephens has been a frequent litigant and that at least six of his actions were dismissed as frivolous or for failure to state a claim:

(1) *Stephen v. Lacy*, No. CV-93-5032 WMB (C.D. Cal. Aug. 23, 1993) (failure to state a claim), *aff'd*, No. 93-56312, 1995 WL 72353 (9th Cir. Feb. 22, 1995);

(2) *Stephen v. Zulfacur*, No. 93cv1943 R (RBB) (S.D. Cal. Apr. 19, 1994) (failure to state a claim);

///

(3) *Stephen v. Shelar*, No. 06cv1054 LAB (WMc) (S.D. Cal. Aug. 31, 2006) (failure to state a claim);

(4) *Stephen v. Hernandez*, No. 06cv0171 L (WMC) (S.D. Cal. Oct. 11, 2006) (failure to state a claim);

(5) *Stephen v. Marshal*, No. CV-07-05337-UA-SH (C.D. Cal. Oct. 4, 2007) (frivolous);

(6) *Stephen v. IRS*, No. 07cv2112 LAB (BLM) (S.D. Cal. Dec. 4, 2007) (frivolous).

Accordingly, Stephen has accumulated more than three strikes under section 1915(g). Because in this action, he has failed to allege that he faced imminent danger of serious physical injury, he cannot proceed *in forma pauperis*. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed [*in forma pauperis*] is itself a matter of privilege and not right.").

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court denies Stephen's motion to proceed *in forma pauperis* and dismisses this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failure to prepay the $350.00 filing fee.

The Court reminds Stephen that while he is incarcerated, he may not proceed *in forma pauperis* in any federal court pursuant to 28 U.S.C. § 1915(a), unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court further certifies that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in forma pauperis* on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 12, 2008

Hon. Roger T. Benitez
United States District Judge